IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>2005 TOYOTA 4-RUNNER TRUCK, VIN: )<br>JTEBU14R750068701, CALIFORNIA )<br>LICENSE: 5MGM397; APPROXIMATELY )<br>$1,193.00 IN U.S. CURRENCY; and )<br>APPLE 16 GB IPAD, )<br>)<br>Defendants. )<br>_____ ) | 2:11-cv-02272-GEB-KJN<br><br>ORDER RE: SETTLEMENT AND<br>DISPOSITION |

        Plaintiff filed a "Notice of Settlement" on October 14, 2011, in which it states, the parties "have reached a settlement" and requests "a brief extension to [file dispositional documents to] November 18, 2011 . . . to allow the publication period to run." (ECF No. 10.)

        Therefore, a dispositional document shall be filed no later than November 18, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

        Further, the Status Conference scheduled for hearing on November 7, 2011, is continued to December 12, 2011, commencing at 9:00

1

1  a.m., in the event no dispositional document is filed, or if this action
2  is not otherwise dismissed.[1] A joint status report shall be filed
3  fourteen (14) days prior to the Status Conference.
4         IT IS SO ORDERED.
5  Dated: October 20, 2011

7                                  _____
                                   GARLAND E. BURRELL, JR.
8                                  United States District Judge

---

[1]  The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2